UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ALTAGRACIA BANUCHI, as Personal
Representative of the Estate of Edward
Blanton Foster III, and on behalf of the Estate
of Edward Blanton Foster III and the survivors
of the Estate, E.F., J.F., A.D.F., N.F., M.F.,
and A.B.F.,

        Plaintiffs,

v.

CITY OF HOMESTEAD and ANTHONY
GREEN,

        Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, City of Homestead and

Anthony Green (collectively, "Defendants"), hereby remove this action from the Eleventh Judicial

Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the

Southern District of Florida. Removal is based on federal question jurisdiction because a federal

question appears on the face of the operative pleading filed by Plaintiff, Altagracia Banuchi, as

Personal Representative of the Estate of Edward Blanton Foster III, and on behalf of the Estate of

Edward Blanton Foster III and the survivors of the Estate, E.F., J.F., A.D.F., N.F., M.F., and A.B.F.

(collectively, "Plaintiffs"). In support of this Notice of Removal, the Defendants state as follows:

1.      The Defendants are named in this civil action originally filed in the Eleventh

Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2020-155998-CA-01 (02).

This state court is located within the Southern District of Florida.

2.      On December 10, 2020, the state court granted the Plaintiffs' motion to amend the

operative pleading and deemed the First Amended Complaint filed as of the December 10th order. Plaintiffs' prior complaints did not assert a federal cause of action. Thus, removal is timely pursuant to 28 U.S.C. § 1446(b), as Plaintiff asserted a federal question for the first time on December 10, 2020, when the First Amended Complaint became the operative pleading.

3.      The civil cover sheet (Exhibit "1"); a copy of the First Amended Complaint (Exhibit "2"); a copy of the order granting the motion to amend the complaint (Exhibit "3"); and all process served, pleadings, and orders on Defendants in this case (Composite Exhibit "4") are attached hereto, pursuant to 28 U.S.C. § 1446(a).[1]

4.      The Defendants are represented by undersigned counsel.  Additionally, the Defendants, both of whom have been served in this action, hereby consent to removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A), as represented herein and signed by counsel representing the Defendants.  *See Mitsui Lines Ltd. v. CSX Intermodal Inc.*, 564 F. Supp. 2d 1357, 1360-1361 (S.D. Fla. 2008) (explaining "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.") (quoting *Getty Oil Corp. v. Insurance Co. of N.A.,* 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).

---

[1]      On December 14, 2020, Plaintiffs filed another amended pleading, also titled "First Amended Complaint." However, the state court's December 10th order, granting Plaintiffs' motion for leave to amend the complaint, deemed the pleading attached to Plaintiffs' motion filed as of December 10th.  The December 14th "First Amended Complaint" was filed without leave of Court, as required under Rule 1.190, Fla. R. Civ. P.  Notably, although the causes of action remain the same, the December 14th First Amended Complaint contains substantive changes not previously asserted in the pleading permitted by the state court, namely, the addition of punitive damages sought against the City.  Because the December 14th "First Amended Complaint" was improperly filed, it is not the operative pleading in this matter; rather, the First Amended Complaint, dated November 13, 2020, and deemed filed by the state court's December 10, 2020 order, is.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

**BASIS FOR JURISDICTION**

5. Pursuant to 28 U.S.C. §§ 1331 and 1441(a), this Court has original federal question jurisdiction over the Complaint in that the Plaintiffs have asserted in Counts I, IV, and V, all claims arising under 42 U.S.C. § 1983. *See generally*, First Amended Complaint, ¶¶ 29-37; 53-84.

**PROCEDURAL MATTERS**

6. The Defendants have tendered the filing fee of $400 to the Clerk of Court along with the original of this Notice of Removal.

7. A copy of the Notice of Removal is being contemporaneously filed with the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1446(d), and the Defendants are otherwise notifying the adverse parties.

8. Venue is proper under 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in the Southern District of Florida.

**WHEREFORE**, Defendants, City of Homestead and Anthony Green remove this action, now pending in the Eleventh Judicial Circuit Court in and for Miami-Dade County, to this Court, and respectfully request this Court to assume jurisdiction over this matter.

Dated: December 16, 2020

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
*Counsel for Defendants, City of Homestead and Anthony Green*
200 E. Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
Telecopier: (954) 764-7770

By: */s/ Eric L. Stettin*
ERIC L. STETTIN
Florida Bar No. 0831697
estettin@wsh-law.com
skosto@wsh-law.com
ANNE R. FLANIGAN
Florida Bar No. 113889

3

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

aflanigan@wsh-law.com
pgrotto@wsh-law.com

4

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.