**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 20-cv-25133-SCOLA/GOODMAN**

ALTAGRACIA BANUCHI,

      Plaintiff,

v.

CITY OF HOMESTEAD and
ANTHONY GREEN,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS**
**ON DEFENDANTS' MOTION TO TAX COSTS**

This is a civil rights and wrongful death action filed by Plaintiff Altagracia Banuchi

("Plaintiff" or "Banuchi"), as personal representative of the estate of Edward Blanton

Foster III, and on behalf of the survivors of the estate, E.F., J.F., A.D.F., N.F., M.F., and

A.B.F., against Defendants the City of Homestead ("City") and police officer Anthony

Green ("Officer Green"). [ECF No. 26].

This Court granted summary judgment for Defendants on Plaintiff's remaining

claims: a § 1983 claim alleging excessive force against Officer Green under the Fourth

Amendment and a state-law battery claim under Florida's Wrongful Death Act, asserted

against Officer Green and, alternatively, the City. [ECF No. 94]. Consistent with this ruling, the Court entered a judgment in favor of Defendants and against Plaintiff. [ECF No. 95]. Thus, Defendants successfully defended against the lawsuit and are the prevailing parties. Plaintiff has appealed this ruling, [ECF No. 96], and the matter remains pending before the United States Court of Appeals for the Eleventh Circuit.

Defendants seek to recover costs pursuant to 28 U.S.C. § 1920 and have filed a motion for costs and a bill of costs. [ECF Nos. 97; 97-1]. Plaintiff filed a response and Defendants filed an optional reply. [ECF Nos. 104; 106].

Banuchi also filed a motion seeking to stay a ruling on costs while the appeal is pending. [ECF No. 105]. Defendants filed a response and Banuchi filed an optional reply. [ECF Nos. 107-08].

United States District Judge Robert N. Scola, Jr. referred this matter to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 99]. For the reasons stated below, the Undersigned respectfully **recommends** that the District Court **deny** Plaintiff's request for a stay and **grant in part and deny in part** Defendants' motion and award Defendants **$6,078.07** in taxable costs ($1,752.96 less than the requested amount).[1]

---

[1]      As explained in more detail below, there is a $27.00 error in the total amount listed for deposition transcript fees in Defendants' bill of costs [ECF No. 97-1, p. 1]. For this

## I.      Legal Standard

Federal Rule of Civil Procedure 54(d)(1) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). Thus, absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1).

The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

---

reason, the recommended fee award ($6,078.07) and the recommended reductions ($1,752.96) add up to $27.00 more than the total listed in the bill of costs ($7,804.03).

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian*, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.     Analysis

Defendants prevailed in this case because the District Court entered a final judgment in their favor in accordance with its Summary Judgment Order. [ECF Nos. 94-95]. Defendants are therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920. Before addressing the substance of Defendants' costs motion, however, the Undersigned will address two preliminary arguments raised by Plaintiff: (1) that an award of costs should be denied or reduced and (2) that the Court should defer ruling on the costs motion while the appeal is pending.

a.  **Plaintiff's Request that the Court Deny or Reduce the Costs Award Based on Equitable Grounds**

Although Plaintiff does not dispute which side prevailed in this case, she argues that the Court should nonetheless exercise its discretion and deny or reduce the costs sought by Defendants because of the nature of this case:

> Given the circumstances of this case in which [ ] [P]laintiff served as the representative of Edward Foster's estate following his shooting death by City of Homestead Police Officer Green, [P]laintiff asks this Court to exercise its considerable discretion to deny, in its entirety, the taxation of costs. Alternatively, [P]laintiff requests the Court to reduce the total costs.

[ECF No. 104, p. 2].

Plaintiff argues that costs should not be taxed against her (or more accurately, the **Estate**) because she brought this action in good faith, the conduct in this case "resulted in the tragic, horrific shooting death of Edward Foster," and "[P]laintiff and the deceased family members have suffered enough because of the City's conduct." *Id.* at 3. Plaintiff further states that given "the relative financial positions of the parties and [her] inability to pay, [P]laintiff alternatively asks the [C]ourt for a cost award of no more than $1,000.00 against the Estate only and not [P]laintiff personally, since she sued only in her representative capacity, if any costs are awarded." *Id.* at 5.

The Undersigned acknowledges the loss suffered by Plaintiff. But Plaintiff has not presented sufficient *legal* grounds to overcome the strong presumption in favor of awarding costs to the prevailing party. "To overcome the presumption and deny full

costs under Rule 54(d), the trial judge must 'have and state a sound reason for doing so.'" *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Chapman*, 229 F.3d at 1039). Courts have awarded costs pursuant to 28 U.S.C. § 1920 to the prevailing defendants in other civil rights cases. *See, e.g., Velez v. Levy World Ltd. P'ship*, 182 F. App'x 929 (11th Cir. 2006); *Faucette v. Nat'l Hockey League*, No. 04-cv-2185, 2006 WL 4877553 (M.D. Fla. July 19, 2006); *Hazelton v. DeKalb Cnty., Georgia*, No. 1:09-CV-00026-JOF, 2011 WL 13187288, at *2 (N.D. Ga. Nov. 10, 2011) (denying motion for reconsideration of costs award in civil rights case where the plaintiffs' decedent died while incarcerated).

Moreover, while "[a] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)," the Eleventh Circuit has stated that "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require *substantial documentation of a true inability to pay*." *Chapman*, 229 F.3d at 1039 (emphasis added). Thus, there must "be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered." *Id.*

Here, Plaintiff provides *no* documentation and relies only on argument of counsel. For this reason, the Court cannot consider Plaintiff's financial status in determining a costs award. *See Small v. Ford Motor Co.*, No. 12-80841-CIV, 2015 WL 203178, at *1 (S.D. Fla. Jan. 14, 2015) ("[T]here is nothing before the Court documenting [the] [p]laintiff's

financial status other than the statement of [c]ounsel. This is insufficient to overcome the presumption that costs should be awarded to the prevailing party.").

### b. Plaintiff's Motion for a Stay

Banuchi also asks the Court to defer ruling on costs during the pendency of the appeal. [ECF No. 105]. She contends that waiting until the conclusion of the appeal is in the interest of judicial economy, noting the possibility that she may prevail on appeal. *Id.* at 2 ("If [P]laintiff prevails on appeal and a jury trial is ordered, any cost ruling will be a nullity and will have resulted in an unnecessary expenditure of judicial labor. Deferring ruling will avoid having to relitigate this matter if [P]laintiff is successful on appeal.").

She also asserts (without providing any evidence) that the payment of a costs judgment would be a significant burden on her. *Id.* at 16 ("Requiring the Estate's representative to bear the costs of the City's litigation while the case is on appeal represents an unfair and irreparably prejudicial burden by requiring this family representative of limited means to reach into her insubstantial financial resources to bear costs that the City can more easily afford and that will result in significant financial harm to her."). But, as Defendants note in their response, they "have not sought costs against [Plaintiff] personally, nor could they" because "the costs must be levied against the Estate." [ECF No. 107, p. 2].

In her reply, Plaintiff states that "the Estate, with no assets except this litigation, would be burdened with having to defend against a costs judgment, as its lawyers would be tasked with protecting the Estate's interests while pursuing the plenary appeal." [ECF No. 108, p. 3]. But, "[l]itigants always incur additional fees, costs, and expenses if a requested stay were to be denied." *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV, 2018 WL 6444920, at *1 (S.D. Fla. Dec. 10, 2018). "The mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay." *Sunbeam Prod., Inc. v. Hamilton Beach Brands, Inc.*, No. 3:09-CV-791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010).

Plaintiff also posits that "[a]ny judgment naming [her] will impact her and her credit history when the Estate is unable to satisfy the judgment." [ECF No. 108, p. 7]. But the entry of a costs judgment against "Plaintiff, Altagracia Banuchi, *as Personal Representative of the Estate of Edward Foster, III*" is not the same as the entry of a costs judgment against Plaintiff in her personal capacity. Plaintiff cites no support for her contention that a judgment against the Estate would affect her personally. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way,

leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

Plaintiff asserts that "[a]n order entitling [ ] [D]efendants to recover costs cannot be undone." [ECF No. 108, p. 8]. According to Plaintiff, "[t]he harm to [P]laintiff's credit is incapable of being undone. In her capacity as the executor, she will be responsible to satisfy the debts of the Estate and is answerable to the probate court overseeing the estate." *Id.* But, again, this argument is made without citation to any authority, legal or otherwise.

"The decision whether to defer ruling on the issue of costs pending appeal is a matter within the Court's discretion." *Doe v. Rollins Coll.*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3230424, at *3 (M.D. Fla. July 13, 2021), report and recommendation adopted, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla. July 29, 2021); *see also* Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.").

"While Rule 54(d) does afford the Court discretion to stay collateral matters, such as taxing costs pending an appeal, the Court's regular practice is '**not to stay** matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit.'" *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 1:19-CV-21289, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020) (emphasis added) (quoting *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010), report and recommendation adopted, No. 19-21289-CIV, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020)); *see also Levesque v. GEICO*, No. 15-CIV-14005, 2021 WL 7540798, at *1 (S.D. Fla. Aug. 31, 2021) ("In this [D]istrict, the regular practice of the [C]ourts is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." (citation and internal quotation marks omitted)). Thus, the norm is *not* to defer ruling on fees and costs until after the appeal.

There are several relevant factors which a court may assess in determining whether to defer ruling on a costs motion.

> In considering motions to stay collateral trial court proceedings, such as the issue of costs, pending an appeal, courts consider: (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest.

*Rollins Coll.*, 2021 WL 3230424, *3.

In the instant case, the Undersigned is not persuaded that Plaintiff has shown she will likely prevail on appeal (for the reasons stated in Judge Scola's Orders [ECF Nos. 51; 94]) or that she would suffer irreparable harm if the matter is not stayed. *See Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015) (denying request to defer ruling on costs motion where the plaintiffs "ha[d] not asserted sufficient facts to justify a deferral or stay" and "ha[d] not shown that they would be irreparably harmed by an award of costs to [the] [d]efendant as the costs would be transferred back to [the] [p]laintiffs if they prevail[ed] on their appeal"); *Snook v. Tr. Co. of Ga. Bank of Savannah*, 909 F.2d 480, 487 (11th Cir. 1990) (addressing irreparable harm in the context of a preliminary injunction and stating that "[t]he plaintiffs' failure to document Mr. Snook's assertion of financial hardship supports a finding of no irreparable harm").

Having found no basis to defer ruling on costs or to deny or reduce Defendants' award of costs based on equitable considerations or Plaintiff's (or the Estate's) financial status, the Undersigned turns to the specific costs sought by Defendants.

### c. Costs

Plaintiff does not substantively address in her response the specific costs (or the reasonableness of the amounts) sought by Defendants. Nonetheless, the Undersigned independently reviewed the costs sought to determine whether they are recoverable under § 1920. *See Monelus*, 609 F. Supp. 2d at 1333 ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the Court nonetheless

reviews each category of the items sought in the [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020), report and recommendation adopted, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly."); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015), report and recommendation adopted sub nom. *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits.").

For the reasons discussed below, some reductions and disallowances are warranted.

### i. Removal Fee

Defendants have incurred fees from the Clerk of the Court in the amount of $402.00 for removing this action from state court. [ECF No. 97, p. 2]. Defendants have attached to their motion an email from the Clerk of the Court confirming the payment

of this removal fee. [ECF No. 97-2, p. 1]. The Court's docket also reflects this payment. [ECF No. 1 ("Filing fee $ 402.00 receipt number AFLSDC-14047359")].

Because removal fees are taxable under § 1920(1), Defendants are entitled to $402.00 in taxable costs. *See Karpovtseva v. AIG Prop. Cas. Co.*, No. 21-CV-62537, 2022 WL 4238230, at *2 (S.D. Fla. Aug. 20, 2022), report and recommendation adopted, No. 21-CV-62537-RAR, 2022 WL 4235069 (S.D. Fla. Sept. 14, 2022) ("[T]he $402 filing fee [the] [d]efendant paid upon removal is clearly taxable under § 1920(1) and should be awarded.").

### ii. Process Server Fees

Defendants also seek to recover $1,205.00 for process server fees. [ECF No. 97, p. 2]. They explain that this amount represents "private process server fees for third-party subpoenas for documents obtained in the case as well as witness subpoenas." *Id.*

In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *W&O*, 213 F.3d at 624). The United States Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Thus, a party may recover private process server fees as long as the rate does not exceed $65.00 per hour plus travel and out-of-pocket expenses.

The invoices submitted by Defendants reflect process server fees which range from $45.00 to $200.00. Some of these fees appear to be at an expedited rate. Defendants provide no explanation for why expedited process server fees were justified. In some instances, Defendants served the same person or entity multiple times and/or at multiple addresses. Defendants either did not provide an explanation or they provided an inadequate explanation for why this occurred.

For example, in the case of Alex Gutierrez, Defendants provide a parenthetical explanation ("re-noticed deposition"), [ECF No. 97, p. 5], but Defendants do not explain *why* Mr. Gutierrez's deposition had to be re-noticed. If, for instance, Mr. Gutierrez's deposition had to be re-noticed because Defendants' counsel had a scheduling conflict that day, then it does not seem reasonable that Plaintiff should have to pay for defense counsel's scheduling conflict. If, on the other hand, Mr. Gutierrez's deposition had to be re-noticed at Plaintiff's request, then the Court may be more amenable to taxing that cost against Plaintiff.

Defendants also include a parenthetical explanation that they served Mr. Gutierrez at a "substitute address." *Id.* But this is not much of an explanation. If Mr. Gutierrez, for instance, had to be served at a substitute address because defense counsel (or someone in defense counsel's law firm) transposed Mr. Gutierrez's house number, then it would not seem reasonable to tax Plaintiff for this duplicate fee.

14

Additionally, two of the invoices for service on Mr. Gutierrez contain the following description: "Service Fee (48 Hours)." [ECF No. 97-2, pp. 7, 19]. These fees appear to be for expedited service, but Defendants to not explain why expedited service on Mr. Gutierrez was necessary (or taxable). *See Spatz v. Microtel Inns & Suites Franchising, Inc.,* No. 11-60509-CIV, 2012 WL 1587663, at *3 (S.D. Fla. May 4, 2012) (limiting service fee to the U.S. Marshal's rate where prevailing party did not explain why it was necessary to serve the subpoenas in an expedited fashion).

Because Defendants have provided very little information concerning the process server fees they seek to recover, the Undersigned recommends the following reductions and disallowances:

| Party or Entity (Date of Service or Attempted Service) | Amount Requested | Amount Allowed | Reason(s) for Disallowance |
|---|---|---|---|
| Miami-Dade County Police Department (10/19/2021) | $45.00 | $45.00 | N/A |
| Miami-Dade County Police Department (2/2/2021) | $75.00 | $0.00 | Duplicate; Exceeds U.S. Marshal's rate |
| Alex Gutierrez (11/4/2021) | $75.00 | $0.00 | Duplicate; Exceeds U.S. Marshal's rate |
| Alex Gutierrez (2/3/2022) | $45.00 | $45.00 | N/A |
| Alex Gutierrez (2/8/2022) | $75.00 | $0.00 | Duplicate; Exceeds U.S. Marshal's rate |
| Jimmy Clark (1/21/2022) | $45.00 | $45.00 | N/A |

| | | | |
|---|---|---|---|
| Terrycal Rogers (2/2/2022) | $200.00 | $0.00 | Duplicate; Exceeds U.S. Marshal's rate (per Defendants, "out of state" but no additional information); Appears to be Expedited ("Service Fee (24 Hours)") |
| Terrycal Rogers (12/24/2022) | $45.00 | $45.00 | N/A |
| David Barnes (1/31/2022) | $45.00 | $45.00 | N/A |
| David Barnes Additional Address | $45.00 | $0.00 | Duplicate; No Explanation for Additional Address |
| Tamisha Barnes (1/31/2022) | $45.00 | $45.00 | N/A |
| Tamisha Barnes Additional Address | $45.00 | $0.00 | Duplicate; No Explanation for Additional Address |
| Julius Hall (1/27/2022) | $45.00 | $45.00 | N/A |
| Troy Johnson (2/3/2022) | $45.00 | $45.00 | N/A |
| Troy Johnson (2/3/2022) | $45.00 | $0.00 | Duplicate; No Explanation for Additional Address |
| Troy Johnson (2/11/2022) | $105.00 | $0.00 | Duplicate; No Explanation for Additional Address; Exceeds U.S. Marshal's rate; Appears to be Expedited ("Service Fee (24 Hours)" and "Service Fee (48 Hours)") |

| | | | |
|---|---|---|---|
| Troy Johnson Additional Address | $75.00 | $0.00 | Duplicate; No Explanation for Additional Address; Exceeds U.S. Marshal's rate; Appears to be Expedited ("Service Fee (24 Hours)" and "Service Fee (48 Hours)") |
| Troy Johnson Additional Address | $105.00 | $0.00 | Duplicate; No Explanation for Additional Address; Exceeds U.S. Marshal's rate; Appears to be Expedited ("Service Fee (24 Hours)" and "Service Fee (48 Hours)") |
| **Total Amount:** | $1,205.00 | $360.00 | |

For the reasons discussed above, Defendants should be permitted to recover **$360.00** for process server fees ($845.00 less than the amount requested).

### iii. Deposition Transcripts

Defendants seek to recover the costs of obtaining the deposition transcripts of Plaintiff, Dr. Richard Hough, Tamisha Barnes, David Barnes, Terrycal Rogers, Julius Hall, Officer Green, and Officer Mays and the certificates of non-appearance for Alex Gutierrez, Jimmy Clark, J. Foster, E. Foster, A. Foster, and C. Foster.

At the outset, the Undersigned notes that there is an error in the total amount of fees sought by Defendants in this category. Defendants' bill of costs lists the deposition

costs as $6,072.03. [ECF Nos. 97-1, p. 1]. But the deposition costs in the invoices submitted by Defendants [ECF No. 97-2] and the amounts listed in the chart in Defendants' motion [ECF No. 97, pp. 4-6] total $6,099.03. Therefore, the Undersigned will use the $6,099.03 amount.

Costs for transcripts are authorized by § 1920(2) insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendants assert that the "deposition transcripts [of Plaintiff, Tamisha Barnes, David Barnes, Terrycal Rogers, and Julius Hall] were used in support (and in opposition to) Defendants' summary judgment motions." [ECF No. 97, p. 2]. They also seek to recover the cost of obtaining the deposition transcript of their police practices expert, Dr. Hough, which was used to oppose Plaintiff's *Daubert* motion. *Id.* (citing [ECF No. 73]).[2]

---

[2]     Although this case was decided on summary judgment, courts have allowed parties prevailing on summary judgment to recover the cost of obtaining deposition transcripts used in other pretrial motions. *See, e.g., Marshall v. Royal Caribbean Cruises Ltd.,* No. 16-21140-CIV, 2018 WL 4410006, at *2 (S.D. Fla. July 20, 2018), report and recommendation adopted sub nom. *Marshal v. Royal Caribbean Cruises Ltd.,* No. 16-CV-21140-KMM, 2018 WL 4409889 (S.D. Fla. Aug. 6, 2018) ("A district court may also award costs for deposition transcripts not relied upon at summary judgment if the deposition was necessary for trial preparation, including the preparation of motions in limine."); *Spatz,* 2012 WL 1587663, at *5 ("A party's use of a deposition in support of a summary judgment motion is sufficient to show that the deposition was necessarily obtained for use in the case. But even when a deposition is not relied on for summary judgment, it is considered necessary if it was related to an issue present in the case when the deposition was taken." (citations omitted)). Thus, Defendants are entitled to recover the cost of obtaining Dr. Hough's deposition transcript.

Defendants do not specifically address the necessity of Officer Green and Officer Mays' depositions. But the Undersigned notes that both depositions were filed by Defendants in support of their summary judgment motion. [ECF Nos. 58-3; 58-12]. In any event,

> "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party challenging the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition."

*Spatz,* 2012 WL 1587663, at *4 (quoting *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)) (alteration in original). Plaintiff did not specifically address this issue in her response. Therefore, the Court should find that the depositions (and certificates of non-appearance) are taxable.

### 1. Per Page Rates

Defendants' invoices reflect per page deposition transcript rates of $2.50, $3.25, $3.65, $4.25, $4.43, $4.60, and $7.47. *For the most part*, the per-page deposition transcript rates sought by Defendants are reasonable and should be awarded. *See, e.g., Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022), report and recommendation adopted, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022) (finding deposition transcript rate of $4.50 per page to be reasonable).

However, the Court should reduce the per page rates for the depositions of Tamisha Barnes and David Barnes. The invoice submitted by Defendants reflects a $7.47 per page rate for each deposition. [ECF No. 97-2, p. 21]. Defendants do not provide an explanation for this rate.

The Undersigned notes that the same court reporting company (United Reporting, Inc.) charged per page rates of $4.25, $4.45, and $4.60 for other depositions in this case. *See* [ECF No. 97-2, pp. 6, 8, 22]. Thus, the Undersigned suspects that the $7.47 per page rate is an expedited rate. Whether this is an expedited rate or not, this rate is excessive and should be reduced. *See Ross v. Fla.*, No. 1:21-CV-22489-KMM, 2022 WL 12020359, at *3 (S.D. Fla. Sept. 6, 2022), report and recommendation adopted, No. 1:22-CV-22645-KMM, 2022 WL 11822900 (S.D. Fla. Oct. 20, 2022) (finding that the defendants were not entitled to tax the cost of deposition transcripts "at the rate of $7.56 per page for expedited transcripts"); *Gilroy v. Baldwin*, No. 16-14521-CV-JEM, 2021 WL 6427471, at *5 (S.D. Fla. Nov. 3, 2021), report and recommendation adopted, No. 16-14521-CIV, 2022 WL 111050 (S.D. Fla. Jan. 12, 2022) ("Rates of $7, $7.75, and $17 per page for non-expedited transcripts is [sic] excessive."). The Undersigned recommends that the District Court reduce the per-page rate for the depositions Tamisha Barnes and David Barnes to $4.43 (the average of the three other per page rates for United Reporting, Inc. listed above).

## 2. Court Reporter Attendance Fees

"[C]ourts in this District are split on whether [court reporter] appearance fees are taxable costs." *Club Madonna, Inc. v. City of Miami Beach*, No. 16-25378-CIV, 2022 WL 16701244, at *3 (S.D. Fla. Oct. 12, 2022), report and recommendation adopted, No. 16-25378-CIV, 2022 WL 16701615 (S.D. Fla. Nov. 3, 2022). Nonetheless, "[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014).

The court report attendance fees in this case range from $65.00 to $365.00. [ECF No. 97-2, pp. 6, 8, 11, 21-26]. The amounts sought are reasonable. *See Spatz*, 2012 WL 1587663, at *4 ("The Court [ ] rejects Spatz's argument that the $385.00 and $415.00 attendance fees are excessive. Spatz offers no support for this claim and therefore has not met his burden to show that the fees are not recoverable. Moreover, based on the Court's experience and a review of similar fees awarded in other cases, the Court finds that the attendance fees sought by [the] [d]efendants here are reasonable."); *Monelus*, 609 F. Supp. 2d at 1338-39 (awarding court reporter appearance fee of $225.00). Therefore, the Undersigned respectfully recommends that the District Court award the full amount for court reporter attendance fees.

However, the Undersigned notes that the invoice for the deposition of Julius Hall includes an item described as "Reporter Attendance: Before/After hours." [ECF No. 97-2,

p. 22]. Defendants seek to recover $75.00 for this item but provide no explanation for why this cost was necessary or otherwise taxable. This cost does not appear to be a court reporter attendance fee because the invoice reflects that the court reporter billed for the first hour of Mr. Hall's deposition and the other depositions listed in the same invoice include the description "Reporter Attendance: Additional Hours." *Id.* Because Defendants have not supported this $75.00 charge, the District Court should disallow it.

### 3. Video Recording Fees

Some of the invoices submitted by Defendants include videotaping services. [ECF No. 97-1, pp. 6, 8, 21-24]. With respect to *Plaintiff's* deposition, Defendants argue that because "Plaintiffs [sic] raised no objection to the manner in which the deposition [(singular)] was noticed or recorded and, accordingly, the cost of the videography is subject to taxation, pursuant to 28 U.S.C. § 1920." [ECF No. 97, p. 3 ("Defendants seek an award of costs for the expense of Plaintiffs' [sic] videotaped deposition, in addition to the written transcription costs . . . Plaintiffs [sic] raised no objection to the manner in which the deposition was noticed or recorded and, accordingly, the cost of the videography is subject to taxation[.]")].

Defendants do not specifically address the other four depositions for which they seek video recording fees (Tamisha Barnes, Terrycal Rogers, J. Foster, and A. Foster).

In *Morrison v. Reichhold Chemicals, Inc.,* the Eleventh Circuit stated that "when a party notices a deposition to be recorded by nonstenographic means, or by both

stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." (footnote omitted)); *see also Procaps v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at * 3 (S.D. Fla. Feb. 2, 2016) ("The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." (citing *Morrison*, 97 F. 3d at 464-65).

"However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009).

In *Harrell v. City of Opa-Locka*, the City of Opa-Locka argued that it was entitled to videography costs because "it 'took the video deposition of [the] [p]laintiff' and that '[the] [p]laintiff never once objected to the video recording of her deposition.'" No. 20-CV-21927, 2022 WL 1609090, at *6 (S.D. Fla. May 3, 2022), report and recommendation adopted, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022). The Court nonetheless denied the City of Opa-Locka's request for videography costs because it

"[did] not explain *why* it was necessary to obtain *both* a video recording and a transcript of Plaintiff's deposition." *Id.* (emphasis added).

Similarly here, Defendants represent to the Court that Plaintiff's deposition was noticed as a video deposition and Plaintiff raised no objection to it, but they do not explain why *both* the transcript and the video recording of Plaintiff's deposition were necessarily obtained. Defendants do not discuss the remaining four depositions whose invoices include video recording fees. Based on this record, the Undersigned recommends that the District Court deny Defendants' request for video recording fees.

### 4. Certificates of Non-Appearance

Defendants also seek to recover for the costs of obtaining certificates of non-appearance for six witnesses at $20.00 per-witness for a total of $120.00. *See* [ECF No. 97-2, pp. 21-24]. "Certificates of non-appearance are taxable so long as the deposition in question was necessary." *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D. Fla. July 29, 2019), report and recommendation adopted, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), aff'd, 823 F. App'x 923 (11th Cir. 2020). As discussed above, Plaintiff has not met her burden of showing that the specific depositions were not necessary for use in the case. *Spatz*, 2012 WL 1587663, at *4.

Moreover, the amount sought ($20 per certificate) is reasonable. *Maranon v. Scottsdale Ins. Co.*, No. 1:21-CV-21785-KMM, 2022 WL 18401952, at *3 (S.D. Fla. Nov. 21, 2022), report and recommendation adopted, No. 1:21-CV-21785-KMM, 2023 WL 356159

(S.D. Fla. Jan. 23, 2023) (awarding costs for two certificates of non-appearance at $135.00 per certificate).

Thus, Defendants should recover the full amount requested ($120.00) for the certificates of non-appearance.

### 5.  Convenience Fees

Almost all of the deposition invoices submitted by Defendants in this case include convenience fees which are not taxable under § 1920. For instance, Defendants seek to recover for the costs of exhibits, color exhibits, word indexes, the scanning of documents and an "E-Litigation Bundle/Delivery/Repository." Defendants have not explained why these costs should be awarded. These convenience costs total $328.60 and should be disallowed in their entirety.

"[W]here the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014) (quoting *W&O*, 213 F.3d at 620); *see also Shire Dev., LLC v. Mylan Pharms., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018), report and recommendation adopted in part, No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018) (noting that "shipment of depositions, costs for binders, tab, technical labor, and realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable").

In sum, the Undersigned recommends the following deposition allowances and disallowances:

| Deponent | Amount Requested | Amount Allowed | Amount Disallowed | Nature of the Disallowances |
|---|---|---|---|---|
| Altagracia Banuchi (First Deposition) | $1,271.30 | $1,081.25 | $190.05 | Video Recording Fee ($50.00); Exhibits ($31.80), Color Exhibits ($36.00) and Word Index ($72.25), |
| Altagracia Banuchi (Second Deposition) | $394.80 | $297.40 | $97.40 | Video Recording Fee ($50.00); Exhibits ($19.80); Word Index ($27.60) |
| Dr. Hough | $216.00 | $205.00 | $11.00 | Scanning of Documents ($11.00) |
| Alex Gutierrez | $20.00 | $20.00 | $0.00 | N/A |
| Tamisha Barnes | $635.89 | $484.61 ($119.61 (27 pages at $4.43 per page) plus $365.00 (Court Reporter Attendance Fee)) | $151.28 | Excessive per page rate of $7.47 reduced to $4.43 ($82.08); Video Recording Fee ($50.00); Exhibits ($19.20) |
| David Barnes | $258.24 | $141.76 (32 pages at $4.43 per page) | $116.48 | Excessive per page rate of $7.47 reduced to $4.43 ($97.28); Word Index ($19.20) |
| Jimmy Clark | $85.00 | $85.00 | $0.00 | N/A |

| | | | |
|---|---|---|---|
| Terrycal Rodgers | $642.75 | $557.15 | $85.60 | Word Index ($35.60); Video Recording Fee ($50.00) |
| Julius Hall | $531.55 | $425.40 | $106.15 | Court reporter before/after hours attendance ($75.00); Word Index ($31.15) |
| J. Foster | $175.00 | $125.00 | $50.00 | Video Recording Fee ($50.00) |
| E. Foster | $125.00 | $125.00 | $0.00 | N/A |
| A. Foster | $175.00 | $125.00 | $50.00 | Video Recording Fee ($50.00) |
| C. Foster | $125.00 | $125.00 | $0.00 | N/A |
| Officer Green | $1,047.00 | $1,022.00 | $25.00 | E-Litigation Bundle ($25.00) |
| Officer Mays | $396.50 | $396.50 | $0.00 | N/A |
| **Total Amount** | $6,099.03 | $5,216.07 | $882.96 | |

For the reasons discussed above, Defendants should be permitted to recover **$5,216.07** in costs for obtaining deposition transcripts ($882.96 less than the amount requested).

### iv.  Records from the Miami-Dade Police Department

Lastly, Defendants seek to recover $125.00 for obtaining records from the Miami-Dade Police Department. [ECF Nos. 97, p. 4; 97-1, p. 1]. Section 1920(4) allows for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §.1920(4). Defendants state that they "incurred fees for records obtained from the Miami-Dade Police Department regarding the underlying investigation into the shooting of Edward Foster." [ECF No. 97, p. 4].

Defendants do not submit an invoice from the Miami-Dade Police Department for these records. Instead, they submit the May 4, 2021 invoice from the law firm representing them in this matter. [ECF No. 97-2, pp. 2-4]. The invoice contains the following description for this cost "Public Records Request 02/11/21 MDPD -- Public Records Request;Check#20210304 -- Citibank/Citibusiness Card." *Id*. at 4. But the law firm invoice does not disclose the number of pages obtained, how many were black and white or in color, or the cost per page.

Based on this limited information, the Undersigned is unable to determine whether the amount sought is reasonable. *See Collazo v. Progressive Select Ins. Co.*, No. 20-CV-25302, 2022 WL 18144067, at *11 (S.D. Fla. Dec. 19, 2022), report and recommendation adopted sub nom. *Collazo v. Progressive Select Ins. Co.*, No. 20-25302-CIV, 2023 WL 122614 (S.D. Fla. Jan. 6, 2023) (Scola, J.) ("[T]he lack of *relevant* information -- i.e., the nature of the copy, how many pages were copied, whether there were multiple copies made of the same document, whether the copy was actually used or likely to be used at trial -- renders the [Court] wholly unable to determine (1) if the copy was necessarily made and (2) if the cost of the copy was reasonable." (emphasis in original)); *Berman v. Target Co.*, No. 15-CV-62387, 2017 WL 1337615, at *6 (S.D. Fla. Mar. 8, 2017), report and recommendation adopted sub nom. *Berman v. Target*, No. 15-62387-CR, 2017 WL 1337616 (S.D. Fla. Apr. 3, 2017) (denying costs sought for obtaining the plaintiff's medical and employment records because "the Court [could not] determine the total number of pages copied or the cost

per page"). Accordingly, the Undersigned recommends that Defendants' $125.00 cost for obtaining records from the Miami-Dade Police Department be denied.

## III.    Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that Plaintiff's request to stay the costs ruling be **denied** and Defendants' costs motion be **granted in part and denied in part**. Defendants should be permitted to recover **$6,078.07** ($402.00 for the filing of the notice of removal, $360.00 for process server fees, and $5,316.07 for deposition transcripts) in costs, plus interest from the date of the final judgment.[3]

## IV.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from

---

[3]       Neither party addressed post-judgment interest in their briefs (though it is included in the proposed order attached to Defendants' motion [ECF No. 97-3]). Because post-judgment interest automatically accrues under 28 U.S.C. § 1961, Defendants are entitled to an award of post-judgment interest. *See Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-CV-952-Orl-40GJK, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) ("[The] [p]laintiff's failure to request post-judgment interest does not preclude an award thereof."), report and recommendation adopted, No. 6:16-CV-952-Orl-40GJK, 2017 WL 11025405 (M.D. Fla. Jan. 4, 2017); *BP Prod. N. Am., Inc. v. Youssef*, 296 F. Supp. 2d 1351, 1355 (M.D. Fla. 2004) ("By force of Section 1961, a judgment bears interest at the statutory rate, even without a demand by the plaintiff or an order of the court.").

a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on February 7, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record

30